UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DANIEL PORTEE, ) | |
| ) | |
| Petitioner ) | |
| ) | |
| v. ) | No. 3:05-CV-170 PS |
| ) | |
| JOHN VANNATTA, ) | |
| ) | |
| Respondent ) | |

**MEMORANDUM AND ORDER**

*Pro se* petitioner, Daniel Portee, an inmate at the Miami Correctional Facility in Bunker Hill, Indiana, was charged with disorderly conduct and was docked 30 days good time credit after having been found guilty of a lesser offense by the prison's Conduct Adjustment Board (CAB). After exhausting his administrative remedies, Portee petitioned this Court for relief under 28 U.S.C. § 2254. The Response filed on behalf of the respondent by the Attorney General of Indiana demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982). In its response, the Attorney General of Indiana has submitted the administrative record including documents designated A through I, which set out the underlying procedures before the CAB. The petitioner filed a traverse including documents designated A through I.

**A. Relevant Facts**

On November 1, 2004, Sgt. Fisher prepared a conduct report charging Portee with disorderly conduct, a Class B offense. (Exhibit A.) According to the conduct report Portee became angry after being told he couldn't have any mustard or catsup with his lunch because he was in the diet line. Portee attempted to get mustard and catsup in the regular line, but was told to go and eat or leave

the cafeteria. Portee refused, and when yard staff arrived to remove him, he began waving his arms and cane around in an aggressive manner. Sgt. Hughes, Officers Porter and Waggoner prepared reports of the event. On November 8, 2004, Portee was notified of the charges against him. (Exhibit B.) At the screening, Portee did not request a lay advocate or witnesses. He did request that a copy of the video of the incident be provided to prove he was not waving a cane.

The CAB hearing was held on November 10, 2004. (Exhibit C.) At the hearing, Portee testified that he did not become disorderly or swing his arms or raise his voice. Portee also testified that his dietician told him he could go to the regular line and when he did go to the regular line he was told he couldn't place any mustard or catsup on his tray. Portee further testified, "I was hot after told I couldn't have any catsup or mustard." Although Portee was originally charged with disorderly conduct, the CAB found Portee guilty of the lesser charge of disruptive conduct, a class C offense. (Exhibit C.) Portee's finding of guilt was based on the staff reports, Portee's statement, evidence from witnesses, and the video. After reviewing the video, the CAB noted that it was too blurry to see, and that the incident had not been caught on the tape. The sanction imposed was a 30 day earned credit time loss, and two months in segregation. The finding of guilt and the sanction were upheld by the facility head and final reviewing authority.

**B.  Standard of Review**

As the loss of good time credit is a "liberty" interest protected by the Fourteenth Amendment to the Constitution, it triggers the applicability of *Wolff v. McDonnell*, 418 U.S. 539 (1974), and requires certain procedural steps as stated in that Supreme Court decision. Due process requires that Portee be given: (1) advance written notice of the charges against him at least twenty-four hours before the hearing; (2) an opportunity, when consistent with institutional safety and correctional

2

goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the fact finder of the evidence relied on and the reasons for the disciplinary action. *Henderson v. U.S. Parole Comm'n*, 13 F.3d 1073 (7th Cir. 1994) (citing *Wolff v. McDonnell*, 418 U.S. 539, 563-567 (1974)). For the hearing to be meaningful, the prisoner should be afforded an opportunity to be heard before an impartial decision maker. *Id.*

The decision must be supported by "some evidence" in the record. *Superintendent, Mass. Corr. Institution at Walpole v. Hill*, 472 U.S. 445 (1985). The so-called "some evidence" standard has been repeatedly applied in this circuit. *Webb v. Anderson*, 224 F.3d 649 (7th Cir. 2000); *McPherson v. McBride*, 188 F.3d 784 (7th Cir. 1999); and *Meeks v. McBride,* 81 F.3d 717 (7th Cir. 1996). This is a lenient standard, requiring no more than "a modicum of evidence." *Webb*, 224 F.3d at 652. Even evidence that can be characterized as meager is sufficient to support the revocation of good-time credits so long as "the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary." *Id. citing Hill*, 472 U.S. at 457. "The relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* (citing *Hill*, 472 U.S. at 455–56).

**C. Discussion**

Portee claims that the State violated his constitutional rights in three ways: (1) he was denied a witness; (2) a witness statement were not provided prior to the hearing; and (3) there was insufficient evidence to find him guilty. In his traverse, Portee withdraws his second claim.

**1. Witness Testimony**

Portee alleges he was denied the right to call the dietician as a witness. The Notice of Disciplinary Hearing (Exhibit B) indicates that Portee did not wish to call any witnesses. Portee

3

argues that the screening officer refused to list the dietician as a witness because he was unable to provide the screening officer with the dietician's name. The CAB noted on the Report of Disciplinary Hearing (Exhibit C) that the dietician's statement was denied because the dietician was not a witness to the events in question. Inmates have no right to call witnesses whose testimony would be irrelevant, repetitive, or unnecessary. *See Forbes v. Trigg*, 976 F.2d 308 (7th Cir. 1992).

Prison officials may not arbitrarily deny an inmate's request to present witnesses or documentary evidence, and they must explain, at some point, their reasons for refusing to grant such a request. *Ponte v. Real*, 471 U.S. 491,497 (1985). In this case, although Portee appears to have requested the dietician as a witness, he did not identify her by name. As a result, a statement could not be obtained by the CAB from the dietician. At the hearing, the CAB denied a continuance in order to obtain a statement from the dietician because, as explained by the CAB, it was Portee's behavior in the cafeteria that was in question and the dietician was not a witness to the incident. While the dietician may have given permission to Portee go to a different lunch line, such evidence did not bear on whether Portee acted disorderly. Therefore, any statement from the dietician would have been irrelevant to those charges. Portee bears the burden of establishing that he is entitled to relief under § 2254, *see Farmer v. Litscher*, 303 F.3d 840, 845 (7th Cir.2002), and he has not met that burden. This claim is therefore without merit.

### 2. Insufficient Evidence

Portee alleges there was insufficient evidence to find him guilty of disruptive, unruly or rowdy conduct, the offense of which he was found guilty. Portee argues that the testimony of the dietician would have negated the reliability of the evidence relied upon by the CAB, that the

4

CAB relied on evidence which was in conflict with the evidence of their decision of guilt, and that the fact finder failed to properly complete the form.

As noted above, the amount of evidence needed in these types of cases is very modest. In this case, the evidence presented at the CAB easily meets the "some evidence" standard. In finding Portee guilty, the CAB indicates that it relied upon the staff reports, Portee's statement, and evidence from witnesses. (Exhibit C.) The report of the investigation clearly explains the incident, and Portee admits at the hearing that he was "hot" because what had happened. (Exhibit C.) The CAB had sufficient evidence from the report of investigation, and the witness statements to find Portee guilty. Consequently, there was sufficient evidence to find him guilty, and Portee's claim that his finding of guilt was based on insufficient evidence is denied.

## CONCLUSION

For all the reasons stated, and because it is clear that none of Mr. Portee's constitutional rights have been violated, this petition for relief under 28 U.S.C. §2254 is **DENIED.**

**SO ORDERED.**

ENTERED: February 13, 2006

S/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT